# IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

FEB 24 '26 PM 4:36
RCV'D - USDC FLO SC

Travis Sintell McCrae,

Individually and as Authorized Representative,

Nipsey'z Checkmate Inc. (501(c)(3) Nonprofit),

Plaintiff,

v.

Truist Financial Corporation,

Mike McGuire (CFO, Truist Financial),

214 N Tryon St

Charlotte, NC 28202

Rachel Sickles (CFO / Executive Officer, SurePayroll / Paychex)

Defendants.

# VERIFIED COMPLAINT AND MOTION FOR EMERGENCY RELIEF

FOR UNJUST ENRICHMENT, BREACH OF CONTRACT, BANKING FRAUD, TRUST LAW VIOLATIONS, AND ACCESS TO FINANCIAL ACCOUNTS

# I. JURISDICTION AND VENUE

1

This Court has jurisdiction under:

- 28 U.S.C. §1331 — Federal Question Jurisdiction
- 28 U.S.C. §1332 — Diversity (where applicable)
- 15 U.S.C. §1605 (Truth in Lending Act — TILA)
- 15 U.S.C. §1691 (Equal Credit Opportunity Act)
- 15 U.S.C. §1681 (FCRA)
- 12 U.S.C. §24 & §1818 (Federal banking practices)
- Dodd-Frank Act (12 U.S.C. §5481 et seq.)
- Federal trust and fiduciary duty principles
- UCC §§ 1-308, 3-104, 4-400 (commercial instruments & banking obligations)

Venue is proper because:

- Plaintiff resides and conducts business in South Carolina.
- Harm occurred within this district.

# II. PARTIES

## Plaintiff

Travis Sintell McCrae

Nipsey'z Checkmate Inc.

1669 Green Street Rd

2

Darlington, SC 29532

Indigenous American Indian descendant asserting treaty protections and equal protection rights.

## Defendants

### 1. Truist Financial Corporation

Principal Address:

214 N Tryon Street

Charlotte, NC 28202

### 2. Mike McGuire

Chief Financial Officer — Truist Financial Corporation.

### 3. Rachel Sickles

Executive / CFO-level authority associated with SurePayroll / Paychex operations.

# III. FACTUAL BACKGROUND

Plaintiff maintained multiple banking and payroll-related accounts including:

- Truist Business Money Market (ending 3779)
- Truist Community Checking (ending 0439)
- Truist Dynamic Business Checking (ending 0026)
- Truist One Checking accounts (ending 0420 and 3993)
- Truist Online Payroll system.

3

Total accounts affected: Five (5).

Defendants:

- Closed or restricted accounts without proper disclosure or accounting.
- Failed to provide lawful options for performance or tender of payment.
- Rejected lawful set-off instructions.
- Engaged in misleading financial practices and reporting.
- Prevented Plaintiff's nonprofit business from accessing payroll funds and contracts.

These actions caused:

- Loss of business opportunities.
- Contractual interference.
- Payroll disruption.
- Financial and reputational injury.
- Irreparable harm to nonprofit operations.

# IV. CLAIMS FOR RELIEF

## COUNT I — Breach of Contract

Defendants failed to honor banking agreements and fiduciary obligations.

## COUNT II —- Unjust Enrichment

4

Defendants retained financial benefit while denying Plaintiff access to funds.

## COUNT III — Truth in Lending Act Violations

15 U.S.C. §1605

Failure to disclose terms, accounting practices, and performance options.

## COUNT IV — Equal Credit Opportunity Act

15 U.S.C. §1691

Discriminatory denial impacting Indigenous Plaintiff and nonprofit entity.

## COUNT V –- Banking Fraud / Misrepresentation

12 U.S.C. Federal Banking Statutes

Misleading representations regarding payment performance and account closure.

## COUNT VI — Breach of Fiduciary Duty

Banks owe duties of good faith, fair dealing, and honest accounting.

## COUNT VII — Trust Law Violations

Plaintiff asserts beneficiary interest and equitable rights over funds.

## COUNT VIII — Commercial Instrument Violations (UCC)

5

Failure to honor tender and set-off instructions.

## V. DAMAGES

Total damages requested:

$25,000,000

Calculation:

- Five accounts × $5,000,000 each = $25 million total.

Includes:

- Economic damages.
- Loss of contracts.
- Nonprofit operational injury.
- Emotional distress.
- Punitive damages.
- Equitable relief.

## VI. IRREPARABLE HARM

Plaintiff's nonprofit operations require immediate account access for:

- Payroll processing.

6

- Contract performance.
- Government contract eligibility.

Account restrictions are preventing business survival.

# VII. REQUEST FOR EMERGENCY RELIEF

Plaintiff requests:

1. Immediate reinstatement or reopening of accounts.
2. Restoration of daily spending limit and equity access.
3. Accounting audit.
4. Injunction preventing further closure or retaliation.
5. Monetary damages.

# VIII. STATEMENT THAT CLAIM CAN BE GRANTED

Plaintiff asserts facts sufficient to state claims under:

- FRCP Rule 8.
- Claims exceed plausibility threshold under Rule 12(b)(6).

Any motion to dismiss should be denied because:

- Plaintiff alleges specific misconduct.
- Federal statutory violations are identified.
- Injury and causation are clearly pled.

## IX. CERTIFICATE OF SERVICE

(Compliant with Federal Rules of Civil Procedure Rule 5)

I certify that on this date I served a true and correct copy via U.S. Mail and/or certified mail upon:

Truist Financial Corporation

Attn: Mike McGuire, CFO

214 N Tryon Street

Charlotte, NC 28202

Rachel Sickles

SurePayroll / Paychex Executive Office

[Insert corporate service address if known]

Truist Legal Department

214 N Tryon Street

Charlotte, NC 28202

DATED: February 24, 2026

Travis Sintell McCrae

Pro Se Plaintiff

UCC-1-308

8

# X. RULE 11 CERTIFICATION

Plaintiff certifies the claims are submitted in good faith pursuant to FRCP Rule 11.