IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Travis McCrea, a/k/a Travis McCrae, a/k/a Travis Sintell McCrae, <br><br> Plaintiff, <br><br> vs. <br><br> Truist Financial Corporation, Mike McGuire, Chief Financial Officer of Truist Financial Corporation, Rachel Sickles, Chief Financial Officer associated with payroll operations, Sure Payroll Inc., Paychex Inc., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 4:26-cv-00783-JD-TER <br><br><br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1] (DE 11.) The Report recommends that this action be dismissed without prejudice for failure to prosecute and failure to comply with the Court's proper-form order, and that all pending motions be deemed moot. (*Id.*)

---

[1]   The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

## A.    Background

Plaintiff, proceeding *pro se*, initiated this civil action on February 24, 2026, against Truist Financial Corporation, Mike McGuire, and Rachel Sickles. (DE 1.) Plaintiff's Complaint is styled as a "Verified Complaint and Motion for Emergency Relief" and alleges, among other things, unjust enrichment, breach of contract, banking fraud, trust-law violations, and denial of access to financial accounts. (*Id.*) Liberally construed, Plaintiff alleges that Defendants restricted or closed banking and payroll-related accounts, failed to provide adequate accounting or disclosure, rejected tender or set-off instructions, and thereby caused payroll disruption, business injury, reputational harm, and harm to nonprofit operations. (*Id.*) Plaintiff invokes federal-question and diversity jurisdiction and cites various federal statutes, including TILA, ECOA, FCRA, federal banking statutes, Dodd-Frank, and related commercial-law theories. (*Id.*)

Plaintiff also filed a separate verified motion seeking injunctive relief, account restoration, accounting, damages, and declaratory relief. (DE 4.) In that filing, Plaintiff requests immediate restoration of account access sufficient for payroll operations, full accounting disclosure, preservation of electronic banking records, damages, and related relief. (*Id.*) The filing also named Sure Payroll Inc., and Paychex Inc., as additional Defendants. (*Id.*)

On March 18, 2026, the Magistrate Judge granted Plaintiff's motion for leave to proceed *in forma pauperis*, subject to the Court's continuing review authority, and entered a proper-form order advising Plaintiff that the case was not in proper form

for service. (DE 7; DE 8.) The proper-form order directed Plaintiff to complete one summons form for each Defendant named in the case, complete and return a separate Form USM-285 for each Defendant, and answer and sign the Local Rule 26.01 interrogatories. (DE 7.) The order warned Plaintiff that failure to bring the case into proper form could result in dismissal for failure to prosecute and failure to comply with an order of the Court under Rule 41 of the Federal Rules of Civil Procedure. (*Id.*) The Clerk mailed the order and proper-form documents to Plaintiff at his address of record. (DE 9.) Plaintiff did not submit the required proper-form documents within the time allowed. (DE 10.)

**B.     Report and Recommendation**

On April 14, 2026, the Magistrate Judge issued the Report recommending that this action be dismissed without prejudice and that all pending motions be deemed moot. (DE 11.) The Report found that Plaintiff failed to comply with the March 18, 2026, proper-form order, which required Plaintiff to submit properly completed summonses, Forms USM-285 for the parties named in the action, and completed Local Rule 26.01 interrogatories within the time allowed. (*Id.*) The Report also noted that the proper-form order warned Plaintiff that noncompliance could result in dismissal, that the mail containing the order had not been returned to the Court, and that Plaintiff was, therefore, presumed to have received the order. (*Id.*) Because Plaintiff failed to respond or bring the case into proper form, the Report concluded that Plaintiff's lack of response indicated an intent not to prosecute and that

3

dismissal was warranted under Rule 41(b) and the Court's inherent authority to manage its docket. (*Id.*)

The Report advised the parties of the right to file specific written objections and warned that failure to do so could waive appellate review. (*Id.*)

## C.     Legal Standard

The Court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of specific objections, the Court need not conduct a de novo review and must only satisfy itself that there is no clear error on the face of the record before adopting the recommendation. *Id.*; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## D.     Absence of Objections

No objections have been filed. In the absence of objections, the Court need not conduct de novo review and must only satisfy itself that there is no clear error on the face of the record. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310,

4

315 (4th Cir. 2005). After reviewing the Report, the record, and the applicable law, the Court finds no clear error.

### E.     Conclusion

Accordingly, the Court ADOPTS the Report and Recommendation (DE 11) and incorporates it by reference. This action is DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with the Court's proper-form order under Rule 41(b). Plaintiff's pending motion for injunctive relief, account restoration, accounting, damages, and declaratory relief (DE 4) is DENIED AS MOOT.

**IT IS SO ORDERED**.

Florence, South Carolina
June 11, 2026

Joseph Dawson, III
United States District Judge

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.